**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> VS. <br><br> **DAVID JONES,** <br><br> **Defendant** | NO. 5: 06-CR-19 (WDO) <br><br> VIOLATIONS: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Richard A. Hull of the Macon Bar; the United States was represented by Assistant U. S. Attorney George Christian. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated February 3, 2006, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☒ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☒ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated February 3, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Jones or the safety of the community were he to be released from custody at this time. The offenses charged against the defendant are serious drug offenses for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 188 months to 235 months in prison. Defendant Jones has strong ties to the Macon, Georgia area, and although not presently employed, does have a history of gainful employment. The weight of evidence appears to be strong with controlled buys of cocaine from the defendant having been recorded both in audio and video.

**Defendant Jones has a very significant felony conviction record which includes the following: RAPE, Bibb Superior Court, 1966; HOMICIDE and ROBBERY, Bibb County, 1969; ARMED ROBBERY, Fulton County Superior Court, 1980; POSSESSION OF COCAINE, Fulton County Superior Court, 1985; POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE, Fulton County, 1984; POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE, Fulton County, 1985 (two convictions); POSSESSION OF COCAINE, Fulton County Superior Court, 1993; POSSESSION OF COCAINE AND MARIJUANA, Bibb Superior Court, 2003; POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE and POSSESSION OF MARIJUANA, Bibb Superior Court, 2003; and, OBSTRUCTION OF OFFICERS, State Court of Bibb County, 2004. In addition, defendant Jones has been charged with Escape on two occasions and has used aliases. He also has numerous arrests and convictions on theft related charges. This defendant's criminal arrest record goes back to 1966, and his criminal activity has been unbroken since that time except when in state custody service prison sentences.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III - DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 7th day of FEBRUARY, 2006.**

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**