**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : |
| | : 5:06-CR-19 |
| **DAVID JONES,** | : |
| | : |
| **Defendant** | : |

**ORDER**

Defendant has been indicted on two counts of distributing crack cocaine. The matter is now before the Court on the government's motion in limine to exclude Defendant from presenting evidence that he was "entrapped" into distributing more crack cocaine than he would have distributed without the agent's and/or confidential informant's involvement. "A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue 'that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.'" United States v. Andrews, 765 F.2d 1491, 1499 (11th Cir. 1985) (citation omitted). "A defendant will be considered to have met this burden if he produces 'any evidence' that governmental conduct created such a risk but evidence that the government agent sought out or initiated contact with the defendant, or was the first to propose the illicit transaction, has been held to be insufficient to meet the defendant's burden." Id. (citations omitted).

Defendant argues that, when the informant first approached him, the informant told Defendant he was interested in purchasing two ounces of crack cocaine but Defendant said

two ounces of crack cocaine was "beyond his means."  The CI then allegedly "pushed" Defendant into participating by stating he needed money to pay his wife's medical expenses.  Defendant contends the informant's conduct constituted persuasion or at least "mild coercion" and that this evidence will establish a defense of entrapment.

Defendant's proffered evidence on entrapment does not raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it.  Rather, Defendant's evidence shows that, at most, the government agent initiated contact with the Defendant to carry out a drug transaction, that Defendant stated he did not know if he could get that much crack cocaine but that Defendant was in fact able to make contact with someone to get the amount of crack cocaine for the deal.  Defendant failed to establish that these "facts" would constitute a legal defense of entrapment.  The government's Motion in Limine is therefore GRANTED and Defendant's request to charge the jury on "sentence entrapment" is denied for the same reason.

SO ORDERED this 11th day of December, 2006.


S/
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**