**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : 5:06-CR-19 |
| **DAVID JONES,** | : |
| | : |
| **Defendant** | : |

**ORDER**

Previously, the Court granted the government's motion in limine to exclude Defendant's proffered evidence that he was "entrapped" into distributing more crack cocaine than he would have distributed without the agent's and/or confidential informant's involvement. The Court held that Defendant's proffered evidence on entrapment does not raise a jury issue that the government's conduct created a substantial risk that the offense would be committed by a person other than one ready to commit it. Rather, Defendant's proferrred evidence shows that, at most, the government agent initiated contact with the Defendant to carry out a drug transaction, that Defendant stated he did not know if he could get that much crack cocaine but that Defendant was in fact able to make contact with someone to get the amount of crack cocaine for the deal. The matter is now before the Court on the Defendant's motion to reconsider that decision. A motion for reconsideration is not an opportunity for the movant to instruct the court on how it "could have done it better" the first time. Preserve Endangered Areas of Cobb's History v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Absent the discovery of new evidence,

1

an intervening change in the law or the issuance of binding authority contrary to the court's previous decision, a motion to reconsider is inappropriate. Id. at 1560-61. Defendant provided no legal or factual argument to support his motion to reconsider. Having found none, the Motion to Reconsider is DENIED.

**SO ORDERED this 17th day of January, 2007.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**