IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID JONES, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:06-CR-00019 (MTT) |
| VS. | : | NO. 5:10-CV-90081 (MTT) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner David Jones's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 81. Petitioner pleaded guilty to one count of distribution of more than five grams of crack cocaine and was sentenced to 120 months imprisonment and five years of supervised release. In his motion, Petitioner alleges that his counsel was ineffective for: 1) misinforming Petitioner that he would only be sentenced to five years in prison; and 2) failing to file an appeal after Petitioner requested that his counsel do so. Because counsel's failure to adequately predict Petitioner's ultimate sentence does not amount to ineffective assistance of counsel, and because the record indicates that Petitioner knowingly and voluntarily waived his right to appeal after he was sentenced, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## BACKGROUND

### 1. Course of Proceedings

On January 25, 2006, a two count indictment was returned in this Court against Petitioner David Jones. Doc. 1. Count One and Count Two of the indictment each charged Petitioner with distributing more than five grams of crack cocaine in violation of Title 21, United States Code,

1

Sections 841(a)(1), 841(b)(1)(B)(iii) and Title 18, United States Code, Section 2. Petitioner entered a plea of not guilty to the offenses at his arraignment on February 2, 2006. Doc. 9.

Following discovery, pre-trial motions, and plea negotiations, Petitioner entered into a plea agreement on February 15, 2007. Doc. 57. In exchange for Petitioner's guilty plea to Count Two of the indictment, the Government agreed to dismiss Count One. Doc. 57. On June 4, 2008, the case was called for sentencing. Doc. 72. After no objections were raised by the defense or the Government, Petitioner was sentenced to 120 months confinement[1] followed by five years of supervised release. Doc. 73. On June 12, 2008, Petitioner filed a Waiver of Appellate Rights signed by himself and his attorney, Stephen R. Glassroth.[2] Doc. 75.

On June 10, 2010, Petitioner filed this motion to vacate or set aside his sentence pursuant to Section 2255.[3] Following an order directing the Government to respond the issue of timeliness under the time limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the Government argued that the motion was untimely filed. Doc. 85. Petitioner then responded by submitting additional evidence supporting his contention that the motion is not time-barred. Doc. 87. The Government then reconsidered its position and conceded that the motion is not time-barred. Doc. 87. As such, the parties agree that the motion has been timely filed.

---

[1] On November 28, 2011, the Court granted Petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's sentence was reduced from 120 months to 83 months. Doc. 93.

[2] Petitioner was represented by attorney Richard Hull throughout the majority of the proceedings, including discovery, pre-trial motions, and the entering of Petitioner's guilty plea. Attorney Hull then withdrew as Petitioner's counsel prior to sentencing to seek employment as a state prosecutor. Doc. 67. At that time, attorney Stephen Glassroth, of the Federal Defenders Office, took over as Petitioner's counsel. Petitioner's motion to vacate, however, only lists Glassroth as his attorney. Doc. 81.

[3] In a letter to the Court dated May 19, 2010, Petitioner asked if the Court could "please tell me the status of my § 2255 motion that I filed on May 27, 2009? Despite the passage of time, I am yet to get a response." Doc. 79. The Court informed Petitioner that it had never received Petitioner's Section 2255 motion. Doc. 80. Petitioner subsequently filed the motion on June 10, 2010. Doc. 81.

2

### 2. The Plea Agreement

On February 15, 2007, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count Two of the indictment in exchange for the dismissal of Count One. Doc. 57. In paragraph 3(A) of the plea agreement, Petitioner confirmed that he was knowingly and voluntarily entering a plea of guilty of Count Two. In signing the plea agreement, Petitioner agreed (1) that he understood that his guilty plea subjected him to a range of imprisonment between five and forty years, (2) that the court was not bound by any sentencing estimates provided by Petitioner's counsel or the Government, and (3) that Petitioner's appeal rights were severely limited by the plea agreement. With regard to the sentencing range, the plea agreement provided:

> (B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a **mandatory minimum of five (5) up to a maximum of forty (40) years imprisonment, a maximum fine of $2,000,000 or both, and a term of supervised release of four (4) years.** Defendant further acknowledges that the Court is required to impose a mandatory assessment fee of $100.00.

Doc. 57 (emphasis in original).

With regard to the court's possible departure from sentencing guideline estimates by counsel or the Government, the plea agreement provided:

> (C) **The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office**. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

Doc. 57 (emphasis added).

With regard to the waiver of appeal rights, the plea agreement provided:

> (H) The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But **once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court**. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Doc. 57 (emphasis added).

The plea agreement also stipulated the facts giving rise to the charge in Count Two of the indictment. Petitioner stipulated to the facts as follows:

> On April 7, 2005, a confidential informant made several recorded phone calls to Defendant in order to arrange to purchase two ounces of crack cocaine. Following these calls, the informant traveled to the Knight's Inn in Macon and picked up the Defendant. The men traveled to 1309 Crawford Street in Macon, Georgia. The Defendant exited the informant's car and entered a car occupied by several black males. The Defendant got out of the car and returned to the informant's vehicle where he sold the informant 33.10 grams of cocaine base, also known as crack cocaine.
>
> The cocaine was sent to the crime lab where it proved to be cocaine base, or crack cocaine, with a net weight of 31.10 grams.
>
> It is further agreed between the parties that for the purposes of relevant conduct under U.S.S.G. § 1B1.1, Defendant's sentence will be based on 63 grams of crack cocaine.

Doc. 57. Petitioner therefore acknowledged that he was guilty of selling 31.10 grams of crack cocaine to a confidential informant. Petitioner also agreed that he would be sentenced under the sentencing guideline range for 63 grams of crack cocaine.

The plea agreement was signed by Petitioner and his attorney. By signing the agreement Petitioner confirmed that he discussed the agreement with his attorney and that Petitioner fully understood the agreement and agreed to all terms of the agreement. Doc. 57.

## DISCUSSION

Petitioner alleges two grounds for relief, both involving the ineffective assistance of counsel. First, Petitioner alleges that his counsel was ineffective by misinforming Petitioner that he would only be sentenced to five years in prison. Second, Petitioner alleges that his counsel was ineffective for failing to file a direct appeal after Petitioner requested that counsel do so. Because counsel's failure to predict Petitioner's ultimate sentence does not amount to ineffective assistance of counsel, and because the record indicates that Petitioner knowing and voluntarily waived his right to appeal after he was sentenced, Petitioner is not entitled to relief.

Both of Petitioner's grounds for relief are based on claims of ineffective assistance of counsel. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).  To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A  petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged

action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that the counsel's performance was reasonable and the challenged action constituted sound strategy. Id.  In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

An evidentiary hearing is not necessary in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038. (11th Cir. 1984). As explained below in addressing each of Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

1. **The length of Petitioner's sentence**

Petitioner's allegations being accepted as true, Petitioner is not entitled to relief on a claim of ineffective assistance of counsel for counsel's failure to accurately predict Petitioner's sentence. An erroneous prediction of a sentence by counsel does not render a guilty plea involuntary. See Johnson v. Massey, 516 F.2d 1001, 1002 (5th Cir. 1975). Where, as here, a defendant "pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Moreover, the Eleventh Circuit has made it clear that counsel's failure to adequately predict a defendant's ultimate sentence does not amount to prejudice when the defendant is properly warned of his minimum and maximum penalties by the court. See, e.g., United States v. Pease, 240 F.3d 938, 941-42 (11th Cir. 2001).

Although Petitioner now contends in hindsight that that he would not have pleaded guilty if he had known that the Court would sentence him to more than five years in prison, the record shows that Petitioner was aware of the consequences of his guilty plea. As indicated above, Petitioner signed a written plea agreement acknowledging that he understood that he could be sentenced up to a maximum of forty years imprisonment. Petitioner further acknowledged in the plea agreement that he understood that the Court was not bound by any estimate of the sentencing range that Petitioner may have received from his counsel, the Government, or the probation office.

The record also reveals that, during the change of plea hearing, the Court informed Petitioner of the length of time that he could be incarcerated. Doc. 96. At the change of plea hearing, Petitioner was informed of the following:

> THE COURT: You say that you wish to plead to Count Number Two which charges you with distributing more than 5 grams of crack cocaine.

7

> THE DEFENDANT: Yes, sir.
>
> THE COURT: You say that you understand that the plea of guilty will subject you to a mandatory minimum five year imprisonment sentence, up to a maximum of 40 years imprisonment, and/or a maximum fine of $2 million, plus a supervised release period of four years. You also must pay a mandatory assessment fee of $100. You say that you wish to waive or give up your right to appeal your sentence except in certain circumstances?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Any question about what you are doing there?
>
> THE DEFENDANT: No, sir.

Doc. 96. After testifying that he understood how many years he could be imprisoned, Petitioner answered the following questions:

> THE COURT: Has anybody promised you anything that is not in this agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anybody done anything to force you to enter a plea?
>
> THE DEFENDANT: No, sir.

Id. Accordingly, it is clear from the record that Petitioner was informed of the minimum and maximum sentence by the Court. It is also clear that Petitioner did not state that any promises were made to him regarding his guilty plea and his sentence.

The record shows that despite ample opportunities to inform the Court of the alleged promises made by his counsel that might affect his plea, Petitioner unequivocally stated that he understood his plea agreement. Petitioner has not presented evidence that his guilty plea was not knowing and voluntary, or that his counsel's performance during the guilty plea stage was deficient in any way. Although Petitioner argues that his counsel incorrectly predicted that Petitioner's sentence would be no greater than five years, the Court made clear the range of prison time Petitioner faced if he pleaded guilty to Count Two. Petitioner stated that he

understood and he pleaded guilty. As such, Petitioner is not entitled to relief based on the failure to receive an accurate estimate of his sentence from his counsel.[4]

**2. The Waiver of Appeal**

Petitioner also contends that his counsel was ineffective for failing to appeal his sentence after Petitioner instructed him to do so. Petitioner alleges that, immediately after the Court pronounced his sentence, he asked his counsel to file an appeal. Doc. 81. Petitioner also references a letter dated June 6, 2008, in which he again instructed his counsel to file an appeal. Doc. 87. Although Petitioner states that he attached the letter to his Reply, the letter is not in the record. Even assuming both of Petitioner's allegations as true, the record clearly indicates that Petitioner explicitly waived his appellate rights. Doc. 75.

Petitioner waived his right to appeal in both the plea agreement and in a waiver filed after his sentence was pronounced. A waiver contained in a plea agreement is considered enforceable so long as the facts demonstrate that the waiver was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1342, 1350 (11th Cir. 1993). A waiver contained in a plea agreement is valid if either (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that a defendant fully understood the significance of the waiver. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). Accordingly, the Eleventh Circuit has held that "where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the

---

[4] Ordinarily, where a petitioner alleges that his attorney misrepresented the maximum penalty that he faced and that he would not have pleaded guilty had he not been misadvised, an evidentiary hearing is necessary. See United States v. Fairchild, 803 F.2d 1121 (11th Cir. 1986). Where, however, the transcripts of Petitioner's guilty plea hearing and sentencing hearing refute Petitioner's contentions that he was misled about his possible sentence, an evidentiary hearing is unnecessary because "the files and records make manifest the lack of merit" of the claim. Lagrone, 272 F.2d at 1038.

defendant knowingly and voluntarily entered into a waiver of appeal, the waiver should be enforced…." United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997).

In this case, there is ample evidence in the record that Petitioner knowingly and voluntarily waived his right to appeal. As detailed above, Petitioner affirmed in the plea agreement that he understood that he was waiving his right to appeal except under limited circumstances. Additionally, the Court specifically questioned Petitioner regarding whether Petitioner understood his limited right to appeal at the sentencing hearing. The Court stated "[n]ow Mr. Jones, you have knowingly and voluntarily waived your statutory right to appeal with certain exceptions," to which Petitioner responded, "[y]es sir." Doc. 97.

The most probative indication that Petitioner knowingly and voluntarily waived his right to appeal is the fact that Petitioner signed a separate waiver of appeal on June 12, 2008, eight days after Petitioner was sentenced. This waiver of appeal also contradicts Petitioner's allegation that he instructed his counsel to appeal his sentence. The waiver of appeal states:

> On June 4, 2008, counsel and Mr. Jones were provided with written notice of Mr. Jones's appeal rights. In addition, counsel was directed by the Court to file a Notice of Appeal or written Waiver of Appellate Rights within ten (10) days after entry of judgment. Following consultation with counsel and full explanation to Mr. Jones of his appeal rights and the waiver of those rights contained in the plea agreement entered into by the parties to this cause, counsel and Mr. Jones hereby file this Waiver of Appellate Rights.

Doc. 75. The waiver of appellate rights was signed by both counsel and Petitioner. Although, Petitioner contends that he instructed counsel to appeal, the waiver dated June 12, 2008 shows that Petitioner knowingly chose not to appeal. Moreover, the waiver is dated after the date that Petitioner allegedly sent a letter to counsel requesting an appeal. Accordingly, Petitioner is not entitled to relief on his claim that counsel failed to appeal his sentence after having been instructed to do so.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 27th day of April, 2012.

        s/ Charles H. Weigle_____
        Charles H. Weigle
        United States Magistrate Judge